**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHNNY WAYNE COALSON | ) | CASE NO. 05-70191 |
| MELISSA ANN COALSON | ) | |
| | ) | CHAPTER 13 |
| DEBTORS. | ) | |
| | ) | |

## MEMORANDUM DECISION

The matter before the Court is the Debtors' Objection to Claim #5. The Objection came before the Court and was argued by counsel on April 4, 2007. The Objection was taken under advisement and is now ready for decision. For the reasons stated below, the Court will sustain the Debtors' Objection and disallow Claim #5.

## FINDINGS OF FACT

On January 1, 2005, the Debtors filed for protection under Chapter 7. On April 26, 2005, the Debtors received a discharge and their Chapter 7 case was closed. On November 28, 2005, the Debtors filed a Motion to Reopen Case, Rescind Discharge, and Reinstate Stay. On January 10, 2006, the case was reopened, the Debtors' discharge was rescinded and the Debtors' case was converted to a case under Chapter 13. After their case was converted to Chapter 13, the Debtors filed an amended Schedule A stating that the Debtors owned a "doublewide and .6 acres" located at 36199 Plum Creek Rd., Glade Spring, Va. Schedule C indicated that the property had a value of $88,100 and was subject to a lien in the amount of $77,032 in favor of Bank of America.

1

On March 8, 2006, Bank of America filed Proof of Claim #2 for $6,470.07. On March 30, 2006, Bank of America filed Proof of Claim #3 amending Claim #2. Claim #3 was for a total liability of $76,042.98, including $5,575.38 arrears.

On March 15, 2006, Bank of America filed a Motion for Relief From Stay with regard to the Debtors' property located at 36199 Plum Creek Rd., Glade Spring, Va. In its Motion, Bank of America alleged that it was entitled to relief because the Debtors had failed to make regular monthly post-petition payments as was required by the Debtors' then existing Chapter 13 Plan. On April 12, 2006, an Agreed Order was entered resolving Bank of America's Motion for Relief. In the Agreed Order, the Court found that Bank of America had filed a proof of claim showing a total indebtedness as of the date of the petition totaling $76,042.98, including an arrearage of $5,575.63. The Court further found that a post-petition arrearage had accumulated as a result of the Debtors' failure to make post-petition payments to Bank of America. The Court ordered the Debtors to cure the outstanding pre- and post-petition arrearage totaling $7,403.37 through a modified Chapter 13 plan and for the Debtors to commence making regular monthly payments directly to Bank of America in the amount of $609.33 in April 2006.

Pursuant to the Agreed Order, the Debtors filed a modified Chapter 13 Plan on April 17, 2006. The Plan provided for the Debtors to commence making regular monthly payments to Bank of America in April 2006 and for the Debtors to cure $7,403.37 in arrearages through the Chapter 13 Plan. The Plan also provided that the total arrearages to be paid through the Plan included $1,827.99 of post-petition arrearages. The Plan does not address the total amount of Bank of America's claim.

The Debtors' Chapter 13 Plan was confirmed by order entered on June 9, 2006.

The confirmation order provided for the Debtors to make regular monthly payments outside of the Plan to Bank of America. It also provided for the Trustee to make 60 monthly $101.80 payments and a lump sum payment of $1,295.60 to Bank of America to cure the arrearages provided for in the Debtors' Plan.

On January 25, 2007, Bank of America filed Proof of Claim #5 in the amount of $76,043.53. Claim #5 indicates that at the time of the petition there was an outstanding arrearage of $10,315. The supporting documents filed with Claim #5 state that Bank of America's original proof of claim correctly stated the total indebtedness owed but did not properly designate certain portions of the indebtedness as pre-petition arrearage. More specifically, Claim #5 amended Claim #3 because it failed to include $4,739.62 of the total indebtedness in its statement of arrearage due at the time the case was filed. Bank of America stated that these amounts were lawfully incurred in connection with pre-petition foreclosure fees and expenses, and delinquent interest.

On February 20, 2007, the Debtors objected to Claim #5 stating that the "Claim is not allowable because the confirmation order sets the arrearages and the Bank did not object to the Plan." Bank of America responded on March 19 stating that there is no inconsistency between Claim #5 and the provisions of the Debtors' Chapter 13 Plan. Bank of America further stated that Claim #5 lists mortgage arrearages and amounts for interest, costs, and fees which are allowable under § 506.

At the hearing on April 4, 2007, counsel for the Debtors argued that Claim #5 should be disallowed because the arrearages are set forth in the Debtors' confirmed Chapter 13 Plan and the Agreed Order on the motion for relief. The Chapter 13 Trustee agreed with the

Debtors' position. Counsel for Bank of America argued that the claim should be allowed because Claim #5 was not inconsistent with the confirmed Plan. Counsel further argued that as the additional fees, expenses, and delinquent interest are secured by the Debtors' real property, they should be amortized and paid after the Plan is completed. Counsel for Bank of America explained that the failure to include these expenses as arrears in the initial proof of claim was due to an accounting error and that although an additional arrearage amount is being sought, the total indebtedness claimed is substantially unchanged when compared with the preceding proof of claim.

As the above facts are not in dispute, the Court will accept them as true.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Allowance or disallowance of claims is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(B).

The question before the Court is whether Claim #5 of Bank of America should be disallowed because the Debtors' confirmed Chapter 13 Plan provides for the Debtors to cure the existing pre- and post-petition arrears and thus limits Bank of America's arrearage claim pursuant 11 U.S.C. § 1327(a). 11 U.S.C. § 502(a) provides that a properly filed proof of claim is deemed allowed unless a party in interest objects to the claim. In the present case, the Debtors have objected to Claim #5 on the ground that the creditor's arrearage claim is limited by the terms of the Debtors' confirmed Chapter 13 Plan. As the Debtors have objected to the Claim on

this basis, the Court will address the implications of the confirmed Plan and 11 U.S.C. § 1327(a) on Bank of America's amended proof of claim.

§ 1327(a) provides that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Courts have applied this provision to bind creditors to the terms of a confirmed plan when creditors dd not object to plan confirmation. *See, eg. In re Miller*, 2007 Bankr. LEXIS 31 (Bankr. W.D. Pa. 2007)(holding that the mortgagee was bound by the amount of pre-petition arrearage provided for in unobjected to and confirmed Chapter 13 plan); *In re Linkous*, 339 B.R. 375 (Bankr. W.D. Va. 2006)(holding that a creditor could not enforce the terms of its contract because the debtor's unobjected to and confirmed Chapter 13 plan modified the creditor's rights); *and In re Hedrick*, 343 B.R. 762 (Bankr. E.D. Va. 2006)(disallowing the creditor's claim for post-petition interest on its over secured claim and holding that the debtor's unobjected to and confirmed Chapter 13 plan prevented the creditor from asserting a right to such interest). In the present case, the Debtors' confirmed Chapter 13 Plan provides for the Debtors to cure all pre- and post-confirmation arrears owed to Bank of America by paying the creditor $7,403.37 through the Plan. The Plan also provides that the total arrearages to be paid through it include $1,827.99 of post-petition arrearages for the period prior to April 2006 when the Debtors were to commence regular monthly payments. When considered together, these provisions indicate that Debtors' confirmed Plan provides for the Debtors to cure all pre-petition arrearages by paying Bank of America $5,575.38 through the Plan. As the Debtors' confirmed Plan clearly provides for pre-petition arrears as discussed above, both the Debtors and Bank of America are bound by § 1327(a) and

the provisions of the confirmed Plan,[1] which incorporates a pre-petition arrearage owed to Bank of America on the date of the petition of $5,575.38.

The conclusion that Bank of America is only entitled to receive under the Plan $5,575.38 in pre-petition arrearages is supported by the res judicata effect of the agreed order on the Motion for Relief from Stay.  It is a well settled matter that res judicata applies in bankruptcy proceedings.  *See First Union Commer. Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enters.)*, 81 F.3d 1310, 1315 (4th Cir. 1996).  "Under the principles of res judicata, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication."  *Id.* at 1314-15.  In the present case Bank of America filed a Motion for Relief which was resolved by the Agreed Order.  That order provided for the Debtors to cure all outstanding pre- and post-petition arrears for the period prior to April 2006 by filing a Chapter 13 Plan which cures a $7,403.37 arrearage.  As the provisions of the Agreed Order actually and necessarily adjudicated the total pre- and post-petition arrearage owed to Bank of America for the period prior to April 2006 and the parties are the same in both actions, the principles of res judicata preclude Bank of America from now asserting an arrearage

---

[1] At the hearing on the matter, Bank of America argued that under *Fleet Real Estate Funding Corp. v. Fewell (In re Fewell)*, 164 B.R. 153 (Bankr. D. Colo. 1993) the additional arrearage amount of $4,739.62 in fees, expenses, and delinquent interest should be allowed because this sum is not precluded by the confirmation order and because the claim is allowable under § 506.  While the Court believes that this case offers an interesting perspective, *Fewell* is factually distinguishable from the present case.  Most notably, in *Fewell* the creditor did not receive a copy of the debtor's proposed Chapter 13 Plan when it was noticed of the debtor's motion for confirmation.  According to *Fewell,* this created a conflict between §§ 1327(a) and 506, and precluded the confirmed Plan from binding the creditor as is provided for in § 1327(a).  In the present case, Bank of America has not alleged or argued that it failed to receive notice of the Debtors' Chapter 13 Plan.  In fact, not only did Bank of America have notice of the Plan's arrearage provisions, it also entered into the Agreed Order that set forth the arrears that would be provided in the Plan.  Accordingly, the Court is unpersuaded by Bank of America's argument.

claim that would lead to a total pre- and post-petition arrearage claim in excess of $7,403.37. As this amount reflects the total pre- and post-petition arrearage claim provided for in the Chapter 13 Plan and the Plan provides that $1,827.99 of those funds will be applied to post-petition arrearages, the Court concludes that the res judicata effect of the Agreed Order supports the conclusion that Bank of America is limited to receiving under the plan only pre-petition arrearages in the amount $5,575.38. In the event any error was made, the responsibility for such must rest with Bank of America. It is clear that the parties, as well as the Court, relied on the amount of pre-petition arrears originally asserted by the Bank, in preparing, recommending, and confirming the Debtors' Chapter 13 Plan, and that all such parties have changed position in reliance upon such understanding.

Having concluded that Bank of America's arrearage claim to be treated under the Plan, at the time of the petition, is limited to $5,575.38, the Court will disallow Claim #5 as it asserts a pre-petition arrearage amount in excess of that amount. Having disallowed Claim #5, Claim #3 is reinstated as it includes the pre-petition arrearage amount contained in the confirmed Chapter 13 Plan and has not been objected to by any party in interest.[2]

## CONCLUSION

For the reasons stated above, the Court by its separate order will sustain the Debtors' objection, disallow Claim #5, and reinstate Claim #3.

---

[2] Although Claim #3 has been reinstated and the Court has concluded that the arrearage amount stated therein is binding upon the parties, the Court expresses no other opinion regarding the validity of this claim or Bank of America's ability to collect independent of the Plan the additional sums listed as arrearages in Claim #5 but not included as arrears in the earlier Claim. Such question is not now before the Court.

This 27th day of April, 2007.

_____
William F. Stone, Jr.
United States Bankruptcy Judge